UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES F. MEEGAN, II,<br><br>                Petitioner,<br>   v.<br><br>ISIDRO BACA, et al.,<br><br>                Respondents. | Case No. 3:14-cv-00319-MMD-WGC<br><br>ORDER |

Before the Court is a petition for a writ of habeas corpus (dkt. no. 1), transferred to this Court from the United States District Court for the Central District of California. Petitioner is a prisoner in the custody of the Nevada Department of Corrections. This Court takes judicial notice of the docket of the Nevada Supreme Court in *Meegan v. State*, No. 49373.[1] In its order of affirmance, the Nevada Supreme Court gave the following procedural history:

> This is an appeal from an amended judgment of conviction, pursuant to a guilty plea under North Carolina v. Alford, 400 U.S. 25 (1970), for one count of first-degree murder. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge. Appellant James Francis Meegan, II, was previously convicted pursuant to a jury verdict and the district court sentenced him to life in prison without the possibility of parole. Meegan v. State, 114 Nev. 1150, 968 P.2d 292 (1998). However, following a denial by the district court of his post-conviction petition for a writ of habeas corpus, this court remanded for a new trial based on trial counsel's failure to challenge an instruction requiring the jury to presume malice. Meegan v. State, Docket No. 40983 (Order of Reversal and Remand, December 22, 2004). Following the remand, Meegan pleaded guilty pursuant to

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=17143

Alford, and the district court sentenced him to a prison term of ten years to life.

Petitioner subsequently was paroled and allowed to reside in California with his mother and brother. He was arrested after a violent incident with his mother. California parole officials held him for around ninety (90) days and then returned him to Nevada. Nevada parole officials revoked his parole. The current petition challenges the validity of the revocation of his parole.

In an objection (dkt. no. 8), petitioner argues that the Court should transfer the case back to California. The Court disagrees. The judgment of conviction arises out of a court of the state of Nevada. Respondent Baca, the warden of the prison, is located in Nevada, and petitioner is located in Nevada. Jurisdiction and venue lie properly with this Court. To the extent that petitioner is challenging the procedures used in California, this Court is capable of reviewing them. The Court denies petitioner's objection (dkt. no. 8).

Given that petitioner is in custody pursuant to a judgment of conviction of a state court, and given that he is challenging the validity of that custody, 28 U.S.C. § 2254 governs this action; habeas corpus is petitioner's sole avenue for relief. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, it appears that petitioner has not yet exhausted his available state-court remedies, which 28 U.S.C. § 2254(b) requires. To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan v. Henry,* 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

A person may challenge the revocation of parole in state district court through a petition for a writ of habeas corpus pursuant to Nev. Rev. Stat. § 34.360. It appears from the allegations in the petition and the Court's review of the on-line docket of the Nevada Supreme Court that petitioner has not pursued a state habeas corpus petition. Consequently, the petition appears to be unexhausted. Petitioner will need to show cause why the Court should not dismiss this action.

Petitioner has submitted a motion for appointment of counsel (dkt. no. 2). Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. *Weygandt*, 718 F.2d at 954. After reviewing the petition, the Court determines that appointment of counsel is not warranted.

It is therefore ordered that petitioner's objection (dkt. no. 8) is denied.

It is further ordered that petitioner's motion for appointment of counsel (dkt. no. 2) is denied.

It is further ordered that petitioner shall have thirty (30) days from the date of entry of this order to show cause why the Court should not dismiss this action for the failure to exhaust available state-court remedies. Failure to comply with this order will result in the dismissal of this action.

It is further ordered that the Clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

It is further ordered that the Clerk shall electronically serve upon respondents a copy of the petition and this order. Respondents' counsel shall enter a notice of appearance herein within twenty (20) days of entry of this order, but no further response shall be required from respondents until further order of the Court.

DATED THIS 12th day of September 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE