UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAMES F. MEEGAN, II, | Case No. 3:14-cv-00319-MMD-WGC |
| Petitioner, | ORDER |
| v. | |
| ISIDRO BACA, et al., | |
| Respondents. | |

The Court directed petitioner to show cause why it should not dismiss this action for failure to exhaust available state-court remedies. (Dkt. no. 10.) Petitioner has submitted a reply (dkt. no. 12). The Court finds that petitioner has not shown good cause, and the Court dismisses this action.

Petitioner first argues that the Court should not have construed his petition as a petition for a writ of habeas corpus. Petitioner is in prison, and he is seeking release from custody. The Court has explained to him that his sole federal remedy is through a petition for a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). If the Court accepted petitioner's argument, then the Court would need to dismiss this action for lack of jurisdiction.

Petitioner next argues that the Court should not have construed the petition pursuant to 28 U.S.C. § 2254 because he is not challenging the validity of his conviction. Section 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Section 2254 is not limited to a challenge to the validity of a state-court judgment of conviction. Section 2254 applies when a person challenges the validity of custody pursuant to a state court judgment of conviction. Petitioner is in custody pursuant to a state court judgment of conviction. He is challenging the validity of that custody through parole revocation proceedings. Section 2254 applies to his custody. Petitioner himself concedes the point, though he might not recognize it. Petitioner's argument is based largely upon *Morrissey v. Brewer*, 408 U.S. 471 (1972), which established what due process requires for revocation of parole. The key part of the procedural history of the consolidated cases of *Morrissey* is:

> *After exhausting state remedies, both petitioners filed habeas corpus petitions* in the United States District Court for the Southern District of Iowa alleging that they had been denied due process because their paroles had been revoked without a hearing.

*Id.* at 474 (emphasis added). *Morrissey* does not support petitioner's argument that he can obtain relief through some procedure other than habeas corpus.

Petitioner states that he does not know the citation of the statute for the petition that he is trying to present. Petitioner probably is thinking of the All Writs Act, 28 U.S.C. § 1651, which allows the court to issue any writ necessary in the furtherance of its jurisdiction.

> The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. *Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.* Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate.

*Pennsylvania Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 42-43 (1985) (emphasis added). Petitioner is in custody pursuant to a judgment of conviction of a state court, and he is seeking release from that custody. The statute addressing that issue is 28 U.S.C. § 2254, and the writ that the court can issue to give him relief is a writ of habeas corpus, if the petition has merit and if petitioner has complied with the exhaustion requirement of § 2254(b).

Petitioner next argues that exhaustion would be futile because he filed a habeas corpus petition in state district court, and that on October 3, 2014, the state district court ruled that it could not do anything about violations that occurred in California. Petitioner filed his reply (dkt. no. 12) on October 8, 2014. He could not have appealed that decision and obtained a determination from the Nevada Supreme Court in the time between the district court's ruling and the issuance of this order. The petition remains fully unexhausted, and the Court must dismiss it. 28 U.S.C. § 2254(b).

Finally, petitioner argues again that the Court should appoint counsel. The request is moot because the Court is dismissing the action.

This action does not toll the one-year period of 28 U.S.C. § 2244(d). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). If petitioner files a new federal habeas corpus petition, he is responsible for ensuring that it is timely.

Reasonable jurists would not find the Court's conclusions to be debatable or wrong, and the Court will not issue a certificate of appealability.

It is therefore ordered that this action is dismissed without prejudice for petitioner's failure to exhaust his available state-court remedies. The Clerk of the Court shall enter judgment accordingly.

It is further ordered that a certificate of appealability is denied.

DATED THIS 16th day of October 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE